BENJAMIN B. WAGNER
United States Attorney
KURT A. DIDIER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>     v.<br><br>SALAM KALASHO,<br><br>     Defendant and Judgment Debtor.<br><br>BANK OF MICHIGAN,<br><br>     Garnishee. | Case No.: 2:14-MC-00103-KJM-KJN<br><br>**STIPULATION FOR CONTINUING ORDER OF GARNISHMENT; AND ORDER THEREON**<br><br>CRIMINAL CASE. NO. 2:08-CR-00577-KJM<br><br>No Hearing Requested |

   The parties and signatories (the Signatories) stipulate to the resolution of the United States' pending garnishment action against defendant Salam Kalasho's interest in multiple bank accounts maintained at the Bank of Michigan as follows:

   1.   By judgment imposed on April 3, 2013 in case number 2:08-CR-00577-KJM, the Court ordered Defendant to pay a $100 special assessment and $8,503,544.00 in restitution.  ECF No. 95.

   2.   The United States sought, and on August 14, 2014, the Clerk issued a writ of garnishment against Defendant's interests in banking accounts at garnishee Bank of Michigan.  Misc. ECF No. 5.

   3.   The Bank of Michigan filed and served its answer to the writ on August 20, 2014.  ECF No. 7.  The Bank of Michigan's answer states Defendant possesses an interest in two checking accounts

maintained by Liquor Company, Inc. (Liquor Company): an account ending in the numbers 8037 and the other in 9285. The answer describes Defendant's interest in account no. 8037 as "Signer." It does not describe Defendant's interest in account no. 9285. *Id*.

4. Defendant's spouse, Ruaa Kano, is the president and sole shareholder of Liquor Company. Kano moved to quash the writ of garnishment arguing, among other reasons, that Liquor Company's accounts do not belong to the Defendant. ECF No. 9.[1] Kano has also requested the Court to transfer the writ proceeding to the Eastern District of Michigan, arguing that she, the Defendant and the bank accounts are located in the Detroit area. ECF No. 10.

5. Bank of Michigan bank records show that, as of August 17, 2014, Defendant was a signer on Liquor Company's two checking accounts even though he is not listed as an officer, director or shareholder of the company. The check signature forms state: "All signers are acting on behalf of the business entity." By Bank of Michigan document dated August 18, 2014, however, Kano removed Defendant as a signer on the two accounts. The Signatories differ on how these facts resolve the issue whether Defendant maintains a property interest in Liquor Company's checking accounts. To avoid the delay, expense and uncertainty of litigating the property interest issue and other relief sought by Kano and/or Defendant, the parties and signatories agree that:

   A. This Court has jurisdiction and venue over this writ of garnishment proceeding with the Bank of Michigan;

   B. This proceeding can be properly adjudicated in the Eastern District of California;

   C. Kano affirms that Defendant will not have access to the Liquor Company's—and to the extent that Defendant ever had access to Liquor Company accounts, if any, Defendant will no longer have such access to the—checking accounts at issue here or to any other Liquor Company accounts until further order from this Court;

   D. Neither Kano nor Liquor Company will move within 180 days of the signing of this Stipulation to quash a subpoena from the United States to determine the relationship between Defendant and the Liquor Company; however, any such subpoena summoning the personal appearance of Ruaa

---

[1] Defendant also objected to the writ. *See*, ECF No. 9-8.

Stipulation and Order of
Continuing Garnishment

2

Kano and/or Liquor Company, Inc., if at all, will not summon their appearance outside the boundaries of the Eastern District of Michigan, unless the parties so agree;

  E.  This stipulation and order are not intended to restrain Defendant's possible future employment at the Liquor Company upon his release from prison;

  F.  Defendant is free to seek employment at Liquor Company so long as he does not have access to its checking accounts unless permitted to do so by Court order or agreement with the United States;

  G.  This is a continuing writ of garnishment, to be terminated upon the earlier of 180 days from the date of this order or further order of this Court;

  H.  Kano and the Liquor Company agree the United States may garnish account no. 9285 in the amount of $1,500;

  I.  Kano, the Liquor Company, and Defendant, jointly and severally, agree to pay to the Clerk of the United States District Court $2,000 within 30 days from the date this Order is signed;

  J.  Any action to enforce compliance with paragraph 5I, above, shall remain in this District;

  K.  Kano and the Liquor Company may regain control of any remaining funds above $1,500.00 in account no. 9285, and resume regular banking transactions in this and the other Bank of Michigan account upon signature of the accompanying Order; and

  L.  Upon compliance with the above terms, the United States will not apply for another writ with regard to the Bank of Michigan nor seek to enforce the current writ with regard to the Bank of Michigan on these accounts unless further information is discovered by the United States after the signing of this Stipulation demonstrating that Defendant has taken action with regard to those accounts after the date of this agreement.

FOR THE UNITED STATES OF AMERICA:

        BENJAMIN B. WAGNER
        United States Attorney

Dated: September __, 2014

        KURT A. DIDIER
        Assistant United States Attorney

FOR RUAA KANO:

Dated: September __, 2014

        RUAA KANO, an individual

FOR LIQUOR COMPANY, INC.:

Dated: September __, 2014

        RUAA KANO, President

FOR DEFENDANT SALAM KALASHO:

Dated: September __, 2014

        SALAM KALASHO, an individual, in pro per

APPROVED AS TO FORM AND CONTENT:

Dated: September __, 2014

        MICHAEL MAURO, ESQ.
        Attorney for Ruaa Kano and Liquor Company, Inc.

Stipulation and Order of
Continuing Garnishment

4

**ORDER**

The Court, having reviewed the files and the parties' Stipulation for Continuing Order of Garnishment (the Stipulation) and finding good cause therefore, hereby APPROVES the Stipulation.

ACCORDINGLY, the Court hereby ORDERS, ADJUDGES and DECREES as follows:

1. The United States' application for a continuing order of garnishment in the amount of $1,500 as set forth above is GRANTED;

2. Bank of Michigan shall DELIVER, within twenty (20) days of the date of this Order, a cashier's check, money order or company draft in the sum of $1,500 drawn from the account ending in numbers 9285, and made payable to the "Clerk of the Court" at the Office of the Clerk, United States District Court, Eastern District of California, 501 I Street, Suite 4-200, Sacramento, California 95814. Bank of Michigan shall also state the docket number (Case No.: 2:08-CR-00577-KJM) on the payment instrument and, if it desires a payment receipt, shall include a self-addressed, stamped envelope with the payment;

3. Upon the signing of this Order, the Bank of Michigan shall RELEASE its hold on any amount exceeding $1,500 in account No. 9285 and on any other Bank of Michigan accounts associated with Liquor Company, Inc.;

4. Kano, the Liquor Company, Inc. and Defendant, jointly and severally, shall PAY to the Clerk of the United States District Court $2,000 as set forth in paragraph 2 of this Order, within 30 days from the date this Order is signed;

5. Any action to enforce compliance with paragraph 4 of this Order shall remain in this District; and

6. The other agreements of the parties within the Stipulation are approved.

IT IS SO ORDERED.

Dated: October 22, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Stipulation and Continuing
Order of Garnishment